**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4898**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CHARLES WARD, a/k/a Chuck,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:09-cr-00032-JPB-DJJ-1)

_____

Submitted:  April 27, 2010            Decided:  May 25, 2010

_____

Before SHEDD, AGEE, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Betsy
C. Jividen, Acting United States Attorney, Thomas O. Mucklow,
Assistant United States Attorney, Martinsburg, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Ward was charged in a six-count indictment with various felony drug offenses. Pursuant to a plea agreement, Ward pled guilty to Count Three of the indictment, which charged him with aiding and abetting in the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006), in exchange for dismissal of all other counts. Ward was sentenced to 200 months in prison. He now appeals, arguing that his trial counsel was ineffective. For the reasons that follow, we affirm.

On appeal, Ward argues that he was denied the effective assistance of counsel at his plea hearing and subsequent sentencing hearing. Specifically, Ward argues that counsel was ineffective for failing "to fully and competently inform Ward of options to accepting a conditional plea agreement which contained a stipulation regarding relevant drug conduct and which contained a provision that required Ward to pay the $100.00 special assessment within forty (40) days following entry of his plea."

The Government argues that Ward's appeal should be dismissed because he validly waived his right to appeal in his plea agreement. However, the Government also acknowledges that even a valid appellate waiver would not prevent Ward from appealing on the basis of an alleged violation of his Sixth

2

Amendment right to counsel in proceedings following the guilty plea. See United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994) (finding that, where defendants sought "to challenge their sentences on the ground that the proceedings following entry of the guilty plea — including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas — were conducted in violation of their Sixth Amendment right to counsel," "the general waiver of appeal rights contained in this plea agreement" could not be "construed as a waiver of the right to challenge their sentences on that ground"). Therefore, the ineffective assistance claims raised by Ward are not barred by his appellate waiver.

"A claim of ineffective assistance of counsel should be raised by a habeas corpus motion under 28 U.S.C. § 2255 [(West Supp. 2009)] in the district court and not on direct appeal, unless it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal quotation marks and alterations omitted). To demonstrate ineffective assistance, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 692, 694 (1984). In the context of a plea agreement, where a defendant claims ineffective assistance, the prejudice prong is satisfied where the defendant shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In his first claim, Ward argues that counsel "ignored the provision in the Plea Agreement which required Ward to pay the $100.00 special assessment within forty (40) days of entry of his guilty plea," and "[i]nstead, counsel depended upon a conversation that he had with the Government, in which counsel was informed that Ward would receive the third point reduction for timely acceptance." Ward argues that although he did not have the financial means to pay the special assessment, he "may well have been able to timely marshal the money to satisfy the assessment from friends and family members." He insists that "[t]here is a reasonable probability that the result of the proceeding would have been different had Ward been properly advised regarding the necessity to timely pay the special assessment." In the alternative, Ward claims that counsel should not have advised him to enter into the plea agreement

4

requiring him to pay the special assessment within forty days because counsel knew that Ward did not have the ability to pay.

Despite Ward's contentions, his counsel's alleged ineffectiveness regarding the special assessment is not apparent on the face of the record. First, Ward himself acknowledges that he did not have the money to pay the special assessment due to his indigency, and states on appeal only that he "may well have been able to timely marshal the money to satisfy the assessment from friends and family members." Further, Ward does not assert that he would not have taken the plea had counsel properly informed him about the special assessment fee. Thus, even assuming counsel's actions could be considered unreasonable, there is nothing in the record to demonstrate that Ward was prejudiced by counsel's alleged ineffectiveness.[*]

Ward also asserts that, in the alternative, counsel should have never advised him to take the plea, because he knew Ward was indigent and could not afford the special assessment. However, the record shows that in exchange for taking the plea,

_____

[*] Additionally, the record is replete with instances in which Ward and his counsel were reminded that only upon payment of the special assessment and compliance with all other terms of the plea agreement would the Government move for the additional one-level reduction. As noted, this information was conveyed by the Government and the court during Ward's plea, it was contained within the PSR, and it was expressly noted in the plea agreement.

5

Ward had all five remaining counts in the indictment dismissed and he received a two-level reduction for acceptance of responsibility. According counsel the deference to which he is entitled under Strickland, the record does not demonstrate that counsel's advice to take the plea fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 689 (noting that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy" (internal quotation marks omitted)). Accordingly, because the record does not conclusively demonstrate that counsel was ineffective, we conclude that Ward's claim is not properly before this court on appeal.

In his second claim, Ward asserts that "counsel failed to inform Ward that he could enter a guilty plea and place the burden of proving relevant conduct upon the Government." Ward now claims that if counsel had informed him that, in addition to going to trial or accepting the plea agreement offered by the Government, he had this third option, "he would not have entered into a plea agreement which stipulated that large quantity of relevant conduct."

The record shows that, at the sentencing hearing, Ward stated to the court that counsel "never advised me that I could have [a] relevant conduct hearing about" the drug quantity for which he was responsible.  However, there was no response from counsel on that matter at the hearing, and the record does not contain any affidavit or response from trial counsel indicating what he recalls telling Ward regarding relevant conduct and, if he failed to discuss it with Ward, why he chose not to disclose that information.  Thus, any conclusion by this court regarding counsel's discussions with Ward on the issue of relevant conduct would be premised on surmise or speculation, and we decline on direct appeal to consider Ward's arguments regarding his trial counsel's ineffective assistance.  See United States v. Allen, 491 F.3d 178, 191-92 (4th Cir. 2007).

Accordingly, we affirm Ward's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7